RECEIVED
APR 21 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| KELVIN D. BROWN | CIVIL ACTION NO. 05-1106 |
| versus | JUDGE WALTER |
| KANSAS CITY SOUTHERN | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

Kelvin Brown ("Plaintiff") filed this pro se Title VII action against Kansas City Southern Railway Company ("KCS") in June 2005. The court issued in December 2005 a Notice of Intent to Dismiss because of Plaintiff's failure to effect service within 120 days, as required by Fed. R. Civ. P. 4(m) and Local Rule 41.3(W). Plaintiff moved for an extension of time to effect service, and the court granted him an extension until February 10, 2006. About two weeks after that deadline, Plaintiff filed a motion for another extension of time, and the court granted an additional two weeks. As that period expired in March 2006, KCS filed a Motion to Dismiss (Doc. 11) on the grounds that Plaintiff had not made timely service.

Rule 4(m) provides that if service of the summons and complaint is not made within 120 days after the filing of the complaint, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant, or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate

period." The rule has been interpreted to broaden a district court's discretion from that afforded by former Rule 4(j) and allow the court to extend the time for service even when a plaintiff fails to show good cause. Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996). If good cause is present, the district court *must* extend the time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service. Id. See also Henderson v. U.S., 116 S.Ct 1638, 1643 (1996) (noting that 1993 amendments accorded discretion to the courts to enlarge the 120-day period "even if there is no good cause shown.").

KCS represents in its motion that Plaintiff made legally invalid attempts to serve the complaint at about the time of filing in June 2005 and again in February 2006. Those efforts, though perhaps not valid service, were apparently known to KCS and alerted them that this civil action was pending. After KCS filed its motion to dismiss, Plaintiff made additional efforts to serve the complaint and apparently met with success. KCS has now filed an answer (Doc. 22) that includes a first affirmative defense that appears to concede that Plaintiff has now properly served KCS's agent, although KCS continues to urge the Rule 4(m) timeliness defense. None of KCS's submissions includes a claim that KCS has suffered prejudice in its ability to defend this action because of the delay in service.

The law favors the resolution of claims on the merits. Given Plaintiff's efforts to make service, his pro se status, and that KCS has not articulated any prejudice stemming from the delay, the best exercise of this court's discretion is to deny the motion to dismiss.

Plaintiff should not interpret this recommendation to suggest that his failure to comply with procedural rules and the court's scheduling order will always be forgiven. Even though Plaintiff is proceeding without an attorney, he is expected to comply with the court's rules and orders, or his case may be subject to dismissal. At this point, however, dismissal is not warranted.

Accordingly,

**IT IS RECOMMENDED** that KCS's Motion to Dismiss (Doc. 11) be **denied**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 20th day of April, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

cc: Judge Walter